IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUL 01 2016
DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 16-5166 |
| v. | ) ) | |
| MATHEWS MANAGEMENT AND PEACH ORCHARD, INC. D/B/A MCDONALD'S STORE #32295 | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended by the Americans with Disabilities Act Amendment Act of 2008 (ADAAA) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to John Doe (Aggrieved Party) who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Mathews Management as well as Peach Orchard, Inc. d/b/a McDonald's Store #32295, terminated the Aggrieved Party because of his disability. The Commission also alleges that Mathews Management as well as Peach Orchard, Inc. d/b/a McDonald's Store #32295, maintain a policy of requiring employees to disclose their prescription medications in violation of the ADA and ADAAA.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Arkansas, Fayetteville Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (Commission) is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Mathews Management (Defendant Employer) has continuously been doing business in the state of Arkansas and the City of Bentonville and has continuously had at least 15 employees.

5. At all relevant times, Peach Orchard, Inc. d/b/a McDonald's Store #32295 (Defendant Employer) has continuously been doing business in the State of Arkansas and the City of Bentonville and has continuously had at least 15 employees.

6. At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

7. At all relevant times, Defendant Employers have been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8.      Mathews Management and Peach Orchard, Inc. d/b/a McDonald's Store #32295 are an integrated enterprise.

## ADMINISTRATIVE PROCEDURES

9.      More than thirty days prior to the institution of this lawsuit, the Aggrieved Party filed a charge with the Commission alleging Defendant Employers violated Title I of the ADA and the ADAAA.

10.     On April 13, 2016, the Commission issued to Defendant Employers a Letter of Determination finding reasonable cause to believe that Defendant Employers violated the ADA and invited Defendant Employers to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11.     The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12.     The Commission was unable to secure from Defendant Employers a conciliation agreement acceptable to the Commission.

13.     On May 2, 2016, the Commission issued to Defendant Employers a Notice of Failure of Conciliation.

14.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS OF THE AGGRIEVED PARTY

15.     Since at least February of 2015, Defendant Employers have engaged in unlawful employment practices at their Bentonville, Arkansas location in violation of Title I of the ADA, Sections 102(a). The unlawful employment practices include, discharging the Aggrieved Party because of his disability, human immunodeficiency virus status.

3

16. The Aggrieved Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), as amended by the ADA Amendments Act of 2008. The Aggrieved Party suffers from human immunodeficiency virus (HIV) that substantially limits major life activities in the major bodily function of the immune system.

    a. In November of 2014, Defendant Employers hired the Aggrieved Party as a crew member at its Bentonville, Arkansas restaurant.

    b. As part of his job duties, the Aggrieved Party cleaned, operated the register, worked the drive-thru, and opened and closed the restaurant.

    c. On or about February 13, 2015, the General Manager of McDonald's Store #32295 Rodolfo Sanchez called the Aggrieved Party to his office to discuss the Aggrieved Party's attendance. During this discussion Sanchez asked the Aggrieved Party if he was in a relationship with one of his coworkers.

    d. The Aggrieved Party told Sanchez that he had an interest in one of his coworkers and had told the coworker that he was HIV positive. Sanchez then told the Aggrieved Party he had to let him go.

    e. Approximately one week prior to Sanchez's meeting with the Aggrieved Party, Shift Manager of McDonald's Store #32295 Rodney McGraw questioned the Aggrieved Party about his HIV positive status. McGraw then told the Aggrieved Party that Defendant Employers might terminate his employment due to his disability because Defendant Employers had previously terminated a female employee who was HIV positive.

    f. Defendant Employers terminated the Aggrieved Party's employment on or about February 13, 2015, for alleged violations of Defendant Employers' attendance policies.

g.  Defendant Employers did not terminate other employees who had the same or more attendance violations than the Aggrieved Party.

17. The effect of the practices complained of in Paragraphs 15-16 above has been to deprive the Aggrieved Party of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

18. The unlawful employment practices complained of in Paragraphs 15-16 above were and are intentional.

19. The unlawful employment practices complained of in Paragraphs 15-16 above were and are done with malice or with reckless indifference to the federally protected rights of the Aggrieved Party.

### STATEMENT OF POLICY VIOLATION

20. Since at least August of 2014 and continuing, Defendant Employer has engaged in unlawful employment practices in violation of Title I of the ADA, Sections 102(a), 42 U.S.C. §§12112(a) at its Bentonville, Arkansas location.

21. Defendant Employers maintain a practice/ policy in their Employee Handbook of requiring employees to submit in writing the use of physician-prescribed medication.

22. Defendant Employers' practice/policy violates the ADA.

23. The effect of the practices complained of in Paragraphs 20-23 above has been to deprive all employees of equal employment opportunities and otherwise adversely affect their status as employees

24. The unlawful employment practices complained of in Paragraphs 20-23 above were and are intentional.

Case 5:16-cv-05166-TLB  Document 1  Filed 07/01/16  Page 6 of 8 PageID #: 6

25. The unlawful employment practices complained of in Paragraphs 20-23 above were and are done with malice or with reckless indifference to the federally protected rights of the Aggrieved Party and other employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against employees on the basis of disability.

B. Grant a permanent injunction enjoining Defendant Employers, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from terminating an employee because of his disability.

C. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employers to make whole the Aggrieved Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employers to make whole the Aggrieved Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including medical expenses and job search expenses in amounts to be determined at trial.

F. Order Defendant Employers to make whole the Aggrieved Party by providing

compensation for past and future nonpecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish resulting from the unlawful employment practices described in the above paragraphs in amounts to be proven at trial.

G. Order Defendant Employers to pay punitive damages for its malicious and/or reckless conduct, resulting from the unlawful employment practices described in the above paragraphs in an amount to be determined at trial.

H. Order Defendant Employers to cease engaging in policies and/or practices that violate the ADA.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Faye A. Williams by PBA*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

*Gerald L. Thornton, Sr. by PBA*
GERALD L. THORNTON, SR.
Supervisory Trial Attorney
TN Bar No. 15898

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone: (901) 544-0075

*Pamela B. Dix*

**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone: (501) 324-5065
pamela.dixon@eeoc.gov